{¶ 23} While the majority's conclusion is correct, the decisional foundation upon which the conclusion rests is faulty.
 {¶ 24} At the outset, it is clear that there exists a conflict between both the statutory and court rule protections for juveniles' records found at R.C. 2151.14 and Juv. R. 37 and the statutory reporting mandates found at R.C. 2925.11(E)(2), R.C. 4510.032(C)(1), and R.C. 4510.03(C). This conflict cannot be resolved by the court by way of this appeal. While a young person's college admission chances in today's highly *Page 9 
competitive atmosphere are most certainly negatively impacted by a juvenile adjudication for drug possession which appears on his driving record, his redress lies with new legislation not upon appeal.
 {¶ 25} The majority is correct that C.C.'s driver status is a part of the BMV's record and further that LEADS is not a public record, but the majority then asserts that the release of his status information, or more specifically his suspension for drug possession, is prohibited by Juv. R. 37 and is therefore not a public record subject to disclosure. The majority further asserts that both the revised code section and its companion administrative code section pertaining to driver's privacy protection "[do] not provide for disclosure of information like a driver's status * * * which [is] not classified as personal information." The majority then concludes that "C.C. has presented no evidence, absent a LEADS report, which is not a public record, that his driver's license suspension due to Possession of Marijuana would appear on his BMV record and/or be available to the public," thus the decision below should be affirmed.
 {¶ 26} Quite the opposite is true. C.C.'s BMV abstract containing his driver's status as in suspension pursuant to a drug possession adjudication is clearly a public record and is also clearly not shielded by Juv. R. 37(B). Thus, it is for these reasons that there was no error by the trial court.
 {¶ 27} The juvenile court had to suspend C.C.'s driver's license and had to report the suspension to the BMV pursuant to the mandate of R.C. 2925.11(E)(2) and R.C. 4510.032(C)(1). R.C. 2925.11(E)(2) does not provide for any exceptions for juveniles, and R.C. 4510.032(C)(1) specifically addresses a juvenile adjudication involving drug *Page 10 
abuse. This report had to include the nature of the offense in the abstract sent to the BMV pursuant to the mandate of R.C. 4510.03(C).
 {¶ 28} BMV records are public records pursuant to R.C. 4501.34(B), and only "personal information" and "sensitive personal information", as those terms are statutorily defined, are generally exempt from public disclosure pursuant to R.C. 4501.27(A) and (F)(3) and O.A.C. 4501:1-12-02(A)(1) and (A)(9). These "driver's privacy protections" afforded to all Ohioans specifically exclude the "driver's status". Thus C.C.'s suspension and the reason for the suspension are not shielded from public view.
 {¶ 29} Moreover, while LEADS information is not public, a private campus police department may participate and have access to LEADS data pursuant to O.A.C. 4501:2-10-03, and thus may presumably be able to conduct a criminal background check on an applicant for the admissions office. C.C.'s point about LEADS is well-taken, but the fact remains that while some information contained in LEADS is not of public record and the public does not have access to LEADS, C.C.'s driver's status as set forth in his BMV abstract is of public record and a campus admissions office could access an applicant's abstract without the use of LEADS through the campus police.
 {¶ 30} C.C. seeks protection under Juv. R. 37(B) which provides: "No public use shall be made by any person, including a party, of any juvenile court record, including the recording or a transcript of any juvenile court hearing, except in the course of an appeal or as authorized by order of the court or by statute." (Emphasis added.)
 {¶ 31} Inasmuch as a license suspension for drug possession is mandatory and notification to the BMV of such adjudication by means of an abstract of the court record, *Page 11 
which must include the nature of the offense, is also statutorily mandated, Juv. R. 37(B) provides no shield or protection for C.C. and cannot form the basis for a reversal of his adjudication. *Page 1